IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **FELDKAMP ENTERPRISES, INC.** <br> 3642 Muddy Creek Road, <br> Cincinnati, Ohio 45238 <br><br> and <br><br> **CHADD FELDKAMP** <br> 524 Garland Rd <br> Burnside, KY 42519 <br><br>         **Plaintiffs,** <br><br> v. <br><br> **MASSACHUSETTS MUTUAL** <br> **LIFE INSURANCE COMPANY** <br> 1295 State Street <br> Springfield, Massachusetts 01111 <br><br>         **Defendant.** | Case No. _____ <br><br> Judge _____ <br><br> **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT,** <br> **BREACH OF CONTRACT** <br> **AND BAD FAITH** |

Pursuant to Rule 8 and Rule 57 of the Federal Rules of Civil Procedure and Chapter 2721 of the Ohio Revised Code, Plaintiffs Feldkamp Enterprises, Inc. and Chadd Feldkamp (collectively "Plaintiffs"), for their Complaint against Defendant Massachusetts Mutual Life Insurance ("Massachusetts Mutual"), allege as follows:

## NATURE OF THE ACTION

1. This action arises out of Plaintiffs' claim and Defendant's denial of coverage for disability under the Buy/Sell Policy, Policy No. 8,407,733 (the "Policy") issued by Massachusetts Mutual to Plaintiffs, effective January 8, 2004.

2. After premiums had been paid under the Policy, and accepted by Massachusetts Mutual for over 16 years, Massachusetts Mutual improperly denied Plaintiffs' claim

for the disability insurance benefits based on a *post hoc* exclusion executed months after the Policy was issued, in April of 2004.

## PARTIES

3. Plaintiff Feldkamp Enterprises is an Ohio corporation with its principle place of business located at 3642 Muddy Creek Road, Cincinnati, Ohio 45238.

4. Plaintiff Chadd Feldkamp is an individual, former employee and owner of Feldkamp Enterprises. Although he currently resides in Kentucky, and at all times relevant to this Complaint, Chadd Feldkamp resided in Hamilton County Ohio.

5. Defendant Massachusetts Mutual Life Insurance Company ("Massachusetts Mutual") is corporation with its principle place of business located at 1295 State Street Springfield, Massachusetts 01111.

## JURISDICTION AND VENUE

6. Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

8. In June 1988, Feldkamp Enterprises was established by Chadd Feldkamp and other family members. The family members also formed Feldkamp Realty, LLC.

9. When Chadd Feldkamp was 41, Feldkamp Enterprises applied for a disability Buy/Sell policy with Massachusetts Mutual Life Insurance Company in the fall of 2003, insuring against Chadd Feldkamp's disability through age 65. The Buy/Sell

Policy (the "Policy") was issued by Massachusetts Mutual effective January 8, 2004. In the event of Chadd Feldkamp's "Total Disability" during the term of the Policy, and after a 730 day (24 month) waiting period, the Policy provides for a lump sum payment to Feldkamp Enterprises in the amount of $675,000.

10. Prior to January 8, 2004, Chadd Feldkamp disclosed his Paraplegia on the policy application form, a condition which stemmed from a spinal cord injury in 1978 when he was approximately 16 years old.

11. The Policy was issued by Massachusetts Mutual on January 8, 2004.  It identified Chadd Feldkamp as the insured and that the owner of the Policy was Feldkamp Enterprises.  A true and accurate copy of the Policy is attached as Exhibit 1.

12. A Modification of Coverage with riders making several additional exclusions to the coverage, including an exclusion for any disability "contributed to or caused by any injury to or disorder of either of both lower extremities. . ." was dated January 8, 2004 (the "Modification Rider"). However, the Modification Rider was not signed by Chadd Feldkamp until April 5, 2004. A true and accurate copy of the Modification Rider is attached as Exhibit 2.

13. Chadd Feldkamp signed this Modification Rider only after being told by Massachusetts Mutual that the Policy would be rescinded due to a claimed failure to disclose pre-existing conditions if he refused.

14. In the spring or early summer of 2020, after premiums had been paid under the policy, and accepted by Massachusetts Mutual, for over 16 years, Chadd Feldkamp was advised by his physician, Dr. Richard Goldfarb, to stop working due

to Depression and Anxiety. Dr. Goldfarb linked Chadd's Depression and Anxiety to the limitations caused by his Paraplegia.

15. On June 30, 2020 Chadd Feldkamp arranged to sell all his shares of Feldkamp Enterprises to his brother, James Feldkamp. A Disability Buyout Agreement with the terms of the sale was entered into between Chadd Feldkamp and James Feldkamp on August 10, 2020. James Feldkamp purchased the shares for $4.8MM, through a payment of $1.6MM at close, and a duly executed promissory note in the amount of $3.2MM. Under the Disability Buyout Agreement Chadd Feldkamp also agreed to transfer all his membership interest in Feldkamp Realty, LLC to James for $1.6MM.

16. Effective September 1, 2020 Chadd Feldkamp permanently ceased working for Feldkamp Enterprises.

17. After waiting the required 730 day period, Feldkamp Enterprises made a claim for the proceeds under the Policy with Massachusetts Mutual.

18. Massachusetts Mutual denied Feldkamp Enterprises' claim for the disability insurance benefits based on a purported exclusion in one of the April 2004 Modification Rider.

19. At all times relevant to this action, Feldkamp Enterprises, LLC has been a company that is domiciled in Ohio, and conducted its business activities primarily in the State of Ohio.

20. At all times relevant to this action Chadd Feldkamp lived in the state of Ohio, and worked for Feldkamp Enterprises, LLC in Ohio until his retirement due to disability on September 1, 2020.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

21. Plaintiff incorporates by reference the allegations contained above as if fully rewritten herein.

22. The Policy is a valid and binding contract among the parties.

23. Plaintiffs adequately performed under the Policy by rendering full and timely premiums to Massachusetts Mutual and by waiting the required 730 days before filing a claim for the proceeds under the Policy.

24. Massachusetts Mutual breached the Policy by incorrectly denying Plaintiff's claim for disability insurance benefits based on an exclusion in the Modification Rider.

25. The April 5, 2004 Modification of Coverage is not enforceable because neither Depression nor Anxiety are either named or specifically described in the riders as required under ORC 3923.04(B)(2).

26. The April 2004 Modification is not enforceable because Massachusetts Mutual did not provide any additional adequate consideration in exchange for the changes to the original Policy terms made by the April 2004 Modification Rider.

27. As a direct and proximate cause of Massachusetts Mutual's breach of the Policy, Plaintiffs have suffered injuries and damages in the full amount of the coverage, $675,000, and the expenses and fees related to this suit for which Plaintiffs is entitled to recovery, and equitable relief.

## SECOND CLAIM FOR RELIEF
### (Bad Faith and Fraud in the inducement)

28. Plaintiffs incorporates by reference the allegations contained above as if fully rewritten herein.

29. Additionally or in the alternative, Plaintiffs alleges the April 2004 Modification Rider was induced by fraud on the part of Massachusetts Mutual. More particularly, Plaintiff alleges that in bad faith, Massachusetts Mutual fraudulently induced Chadd Feldkamp to enter into the April 2004 Modification Rider as Massachusetts Mutual knew or should have known that under ORC Section 3923.04(M) Massachusetts Mutual had no right to cancel the Policy after it took effect on January 8, 2004.

30. Chadd Feldkamp and his physician completed the requested forms and disclosed his Paraplegia on Part II of the application, which was signed and dated October 30, 2003. However, in bad faith, Massachusetts Mutual coerced Chadd Feldkamp into signing the waiver under threat that it would cancel the Policy because Chadd Feldkamp failed to disclose his Paraplegia during the application process.

31. At the time Massachusetts Mutual was threatening Chadd Feldkamp with cancellation for failure to disclose preexisting condition, Massachusetts Mutual knew or should have known that its statements to Chadd Feldkamp alleging such nondisclosure were false.

32. As a result of Massachusetts Mutual's bad faith and fraudulent conduct, Chadd Feldkamp's agreement to modify coverage under the Policy by way of the April 2004 Modification Rider is ineffective and therefore the April 2004 Modification Rider is not enforceable.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

33. Plaintiffs incorporates by reference the allegations contained above as if fully rewritten herein.

34. Massachusetts Mutual incorrect denial for coverage under the Policy is interfering with Plaintiff's enjoyment of its bargained for contractual rights under the Buy/Sell Policy issued by Massachusetts Mutual effective January 8, 2004.

35. Plaintiff seeks a declaratory judgment pursuant to Ohio Revised Code § 2721.01 et seq. and Rule 57 of the Federal Rules of Civil Procedure declaring that Plaintiffs are entitled to coverage under the Policy.

36. Plaintiffs also seeks a declaratory judgment pursuant to Ohio Revised Code § 2721.01 et seq. and Rule 57 of the Federal Rules of Civil Procedure declaring that the April 2004 Modification Rider cannot serve as a basis for denial of the disability claim because neither Depression nor Anxiety are named or specifically described in the riders as required under ORC 3923.04(B)(2).

37. Plaintiffs also seeks a declaratory judgment pursuant to Ohio Revised Code § 2721.01 et seq. and Rule 57 of the Federal Rules of Civil Procedure declaring that the April 2004 Modification Rider is not enforceable because Massachusetts Mutual did not provide any additional adequate consideration in exchange for the changes to the original policy terms made by the April 2004 Modification Rider.

38. Plaintiffs also seeks a declaratory judgment pursuant to Ohio Revised Code § 2721.01 et seq. and Rule 57 of the Federal Rules of Civil Procedure declaring that

the April 2004 Modification Rider is not enforceable because Massachusetts Mutual fraudulently induced Chadd Feldkamp to enter into the April 2004 Modification Rider.

39. The dispute between Plaintiffs and Massachusetts Mutual constitutes an actual and justifiable controversy between the parties as prescribed by the provisions of Chapter 2721 of the Ohio Revised Code, which can be determined by a judgment of this Court.

**WHEREFORE**, Plaintiffs Feldkamp Enterprises and Chadd Feldkamp prays for judgment against Massachusetts Mutual as follows:

A. That the Court adjudicate and declare that Plaintiffs are entitled to coverage for complete disability under the Buy/Sell Policy (Policy 8,407,733) issued by Massachusetts Mutual Life Insurance effective January 8, 2004.

B That the Court adjudicate and declare that April 2004 Modification Rider is not enforceable.

C. That the Court adjudicate and declare that Massachusetts Mutual breached its contractual duties under the Buy/Sell Policy when it denied Plaintiffs' claim.

D. That the Court adjudicate and declare that Massachusetts Mutual acted in bad faith and fraudulently induced Chadd Feldkamp to enter into the April 2004 Modification Rider.

E. That the Court adjudicate and declare that Plaintiffs be awarded the full coverage under the Policy in the amount of $675,000.

C. That Plaintiffs be awarded their costs and expenses herein; and

D. That Plaintiffs be awarded such other and further relief as the Court deems appropriate.

Dated: June 28, 2023

Respectfully submitted,

/s/     Brian J. O'Connell
Brian J. O'Connell (0059276)
Stephen S. Schmidt (0085530)
STRAUSS TROY CO., LPA
The Federal Reserve Building
150 East Fourth Street, 4th Floor
Cincinnati, OH  45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 241-8259
E-mail: bjoconnell@strausstroy.com
E-Mail:  ssschmidt@strausstroy.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

*/s/ Brian J. O'Connell*
Brian J. O'Connell

16485249.1